IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMERICAN FAMILY INSURANCE )
COMPANY, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV418-181
 )
DIA SURI, LLC, )
 )
    Defendant. )
 )

O R D E R

    Plaintiff American Family Insurance Company filed a complaint in this Court that seeks a declaratory judgment finding the insurance policy it provided to Defendant Dia Suri, LLC does not provide coverage for certain claimed losses. (Doc. 1.) In the complaint, Plaintiff attempts to invoke this Court's diversity jurisdiction. (Id. ¶ 6.) However, the jurisdictional allegations contained in the complaint are insufficient to establish complete diversity between the parties.

    The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir.

1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, Plaintiff's complaint does not include a list of the individual members, along with their citizenship, of Defendant Dia Suri, LLC. Rather, the complaint simply states that Defendant "is a Georgia Limited Liability Corporation organized and existing under the laws of the State of Georgia," and that its "principal place of business is located in Chatham County, State of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as

Georgia." (Doc. 1 ¶ 2.) Plaintiff, a citizen of the State of Wisconsin (id. ¶ 1), relies on these allegations to assert that Defendant "is a citizen of the State of Georgia" (id. ¶ 2). Based on these allegations, Plaintiff advances the general conclusion that the Court has jurisdiction over this case because "the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states." (Id. ¶¶ 6.)

This conclusion, however, is completely incorrect because Defendant's citizenship for purposes of diversity jurisdiction is based on neither where it is organized nor where it has established its principal places of business. See Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.' A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." (quoting

---

binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Rolling Greens, 374 F.3d at 1022) (citing 28 U.S.C. § 1332(c)(1))).

Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order. As noted above, the amended complaint must properly allege diversity in this case by including the names and citizenships of each member of Defendant Dia Suri, LLC, thus allowing the Court to confirm that it has jurisdiction to hear this case. Plaintiff should be aware that the Court will not accept any piecemeal amendment or an amended complaint that incorporates any allegation by reference. The amended complaint should be a stand-alone filing that contains all the necessary factual allegations. In addition, a general statement that no members of Defendant are Wisconsin citizens is also insufficient to invoke this Court's diversity jurisdiction. Plaintiff must list all the individual members, along with their citizenships, for Defendant. See Rolling Greens, 374 F.3d at 1022

SO ORDERED this 2ND day of August 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA