IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AMERICAN FAMILY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DIA SURI, LLC,<br><br>    Defendant. | Civil Action No.<br><br>4:18-CV-00181-WTM-GRS |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND REPORT OF FRED BONNER**

COMES NOW, DIA SURI, LLC, the Defendant in the above-styled action, and by and through its undersigned counsel, THE CONNER LAW GROUP, P.C., respectfully files this DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND REPORT OF FRED BONNER, and in support thereof states as follows:

**STATEMENT OF FACTS**

On June 28, 2019, the Plaintiff filed its Motion to Exclude Testimony and Report of Fred Bonner. Doc. 30. The Plaintiff also filed a similar Motion to Exclude Testimony and Report of Dwain Begitschke on the same day. Doc. 31. On July 12, 2019, Defendant timely filed its Brief in Opposition to American Family's Motion to Exclude Testimony and Report of Fred Bonner ("Bonner Brief in Opposition") and its Brief in Opposition to American Family's Motion to Exclude Testimony and Report of Dwain Begitschke ("Begitschke Brief in Opposition"). Doc. 40 and Doc. 41. The Plaintiff has moved to have the Bonner Brief in Opposition stricken from the

record for failure to comply with Local Rule 7.1(a), as said Bonner Brief in Opposition is 31 total pages in length.  Doc. 42.

Contrary to the Plaintiff's Brief in Support the Defendant has not blatantly violated Local Rule 7.1(a).  The Bonner Brief in Opposition was filed in 12-point Century Schoolbook font.  Id. Said font was chosen in order to make the Bonner Brief in Opposition easier to read as Century Schoolbook is a larger font.  However, had said Bonner Brief in Opposition been filed in 12-point Times New Roman font, it would have fit within the Local Rule 7.1(a), which provides that "[a]bsent prior permission of the Court, no brief shall exceed twenty-six (26) pages in length, inclusive of the certificate of service required by LR. 5.1."  LR. 7.1(a), S.D. Ga.[1]  A true and accurate copy of said Bonner Brief in Opposition in 12-point Times New Roman font is attached hereto as Exhibit "A" for the Court's convenience.

In the attached Exhibit A, the caption was removed from the Certificate of Service.  Doc. 40; Exhibit A.  However, no other alterations, edits or deletions were made to said Bonner Brief in Opposition.  Doc. 40; Exhibit A.   The statement of facts, the arguments and the citations of authority remain unchanged.  Doc. 40; Exhibit A.  Thus, the Defendant has not advanced any arguments that it would have been unable to given the page restraints.  The Defendant, therefore, has not gained a tactical advantage against the Plaintiff; and the Plaintiff has not been prejudiced by the Defendant's filing.

Additionally, the quotes from the various depositions that were included in the Bonner Brief in Opposition could have properly been included as single-spaced paragraphs, given the

---

[1] Please note that the Local Rules for the Southern District of Georgia do not specifically address required font type or size for filing.  Therefore, Times New Roman 12-point font is an acceptable font type and size for filing with this Honorable Court.

length of the quotes. However, in order to aid the Court and to make the Bonner Brief in Opposition easier to read, said quotes were double-spaced.

Furthermore, in an effort to aid the Court and to reduce the volume of submissions on the two motions to strike that the Plaintiff filed, the Defendant offered a more-robust consolidated statement of facts and legal argument in the Bonner Brief in Opposition, which is at issue in this motion to strike, and reduced the volume of the companion Begitschke Brief in Opposition accordingly. See Doc. 41, FN 1and FN 5. The Defendant offered a pared down version of the Statement of Facts in the Begitschke Brief in Opposition. Doc. 40 and Doc. 41. Therefore, a full and complete version of the Statement of Facts was included within the Bonner Brief in Opposition. Doc. 40, pp. 1-8. In addition, the Defendant offered a pared down version of the Court's Role in Evaluating the Proffered Expert in the Begitschke Brief in Opposition. Doc. 40 and Doc. 41. Therefore, a full and complete version of said section was included within the Bonner Brief in Opposition. Doc. 40, pp. 9-12. However, said Statement of Facts and said section regarding the Court's Role in Evaluating the Proffered Expert could have been split between the Bonner Brief in Opposition and the Begitschke Brief in Opposition, as the Begitschke Brief in Opposition was only nineteen (19) pages – 7 pages under the requirement of Local Rule 7.1.

Finally, although not entirely limited to the issue of the factual basis of Mr. Bonner's Expert Report, the Plaintiff also made arguments related to the interpretation of the Policy itself and the "period of restoration" in the Motion to Exclude the Testimony and Report of Fred Bonner. Therefore, the Defendant felt obligated to address the Plaintiff's arguments therein given the Plaintiff's implications that the "period of restoration" should be limited to one hundred twenty (120) days or less. Doc. 30. However, said issue should really be more appropriately addressed in the Motion for Summary Judgment.

Again, the same exact brief is attached hereto as Exhibit A, with the font type changed and the case caption removed from the Certificate of Service, and said brief fully complies with Local Rule 7.1. Exhibit A.

## ARGUMENT AND CITATION OF AUTHORITY

As an initial matter, the Northern District of Georgia previously noted that a brief is not the proper subject of a motion to strike. Murphy v. Farmer, 176 F. Supp. 3d 1325, 1342 (N.D. Ga. 2016). As Rule 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. A brief is not a "pleading" as defined by Rule 7(a). *See* Fed. R. Civ. P. 7(a) (narrowly defining "pleadings"); *see also* Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council, 836 F.Supp.2d 1327, 1349 (N.D.Ga.2011) (noting that Rule 7(a) "applies to pleadings, not to motions or briefs filed in support of motions"); JP Morgan Chase Bank, N.A. v. Sampson, No. 1:10–cv–1666–JEC, 2012 WL 949698, at *2, 2012 U.S. Dist. LEXIS 37514, at *6 (N.D. Ga. Mar. 20, 2012) (denying motion to strike late-filed response brief and explaining that " '[t]he terms of Rules 12(f) and 7(a) make clear that only material included in a pleading may be subject of a motion to strike and that motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike' " (*quoting* Jeter v. Montgomery Cnty., 480 F.Supp.2d 1293, 1296 (M.D. Ala. 2007))); Hawk v. Atlanta Peach Movers, Inc., No. 1:10–CV–0239–JFK, 2011 WL 1533024, at *1–2 (N.D. Ga. Apr. 21, 2011) (denying the plaintiff's motion to strike several documents, including an affidavit, that were not pleadings).

However, should this Court find that the Defendant's Brief in Support is properly subject to a motion to strike, it is important to note that "a motion to strike is not favored and should not be granted unless clearly warranted." Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga.

4

1981) (*citing* OKC Corporation v. Williams, 461 F.Supp. 540 (N.D. Texas 1978)); *see also* Daugherty v. Firestone Tire & Rubber Co., 85 F.R.D. 693, 695 (N.D. Ga. 1980) ("Motions to strike are not favored under the federal rules."). "Motions to strike are generally viewed with disfavor and are 'often considered time wasters.' " Murphy, 176 F. Supp. 3d at 1359 (*quoting* TracFone Wireless, Inc. v. Zip Wireless Products, Inc., 716 F.Supp.2d 1275, 1290 (N.D.Ga.2010) (internal citations omitted)). A motion to strike is "a drastic remedy". Id. In addition, motions to strike cannot be used to determine disputed fact questions, nor can they be used to decide disputed and substantial questions of law, particularly where there is no showing of prejudice to the movant. Brown, 523 F. Supp. at 336 (*citing* Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962)). It is not the purpose of a motion to strike to afford an opportunity for the determination of these questions. Brown, 523 F. Supp. at 336 (*citing* United Artists Associated, Inc. v. NWL Corporation, 198 F. Supp. 953 (S.D.N.Y. 1961)).

In its Motion to Strike, the Plaintiff relies on the unreported decision of Khattab v. Morehouse Sch. of Med., No. 1:07-CV-196-RWS, 2009 WL 10666070, at *1 (N.D. Ga. Apr. 29, 2009). Doc. 42-1, pp. 2-3. In Khattab, the defendant filed it's a motion for summary judgment. Id. The plaintiff filed a 50-page response, which was single-spaced with different fonts and different font sizes, to the defendant's statement of undisputed material facts. Id. The plaintiff filed also filed a brief in opposition to defendant's summary judgment motion, which was 65 pages long, single-spaced, and contained multiple fonts and font sizes. Id. In both responses, the plaintiff did not inform the Court how to locate the evidence to which he referred. Id. Additionally, the plaintiff attached to his response over 125 pages of unlabeled, unindexed exhibits, which did not appear to be filed in any logical order, to each of the responses. Id. A little more than a month later, the plaintiff filed another 24-page, single-spaced, brief in opposition to the defendant's

summary judgment motion. Id. Furthermore, the plaintiff responded to the defendant's reply brief with an unauthorized surreply, which was 40 pages, single-spaced. Id. Clearly, the Defendant's Brief in Opposition, which fit within page limitations of Local Rule 7.1(a) when printed in Times New Roman 12-point font, is not equivalent to the plaintiff's filings in Khattab.

The Plaintiff also relies on Gibbons v. McBride, 124 F. Supp. 3d 1342, 1383 (S.D. Ga. 2015), for the proposition that Courts may reject lengthy filings as unacceptable. However, in Gibbons, the Court was merely cautioning the plaintiff's counsel against using excessive footnotes to evade the 26–page limit for motions filed in this Court. Id.; *see* LR. 7.1(a), S.D. Ga. The Court further stated that if the plaintiff continues to do so, the briefs will, "at the Court's discretion, either be rejected as unacceptable for filing or dismissed with leave to be refiled in proper form." Id. The Court did not, however, state that it would strike the plaintiff's briefs from the record. Therefore, at worst, the Defendant should be provided with leave to refile the Brief in Opposition, should the Court see fit. However, as shown in Exhibit A hereto, the original filing satisfies Local Rule 7.1(a) when converted to Times New Roman 12-point font. Thus, the Defendant should not be subject to the "drastic remedy" of having the Brief in Opposition stricken, particularly when Defendant has not gained a tactical advantage against the Plaintiff, and the Plaintiff has not been prejudiced by the Defendant's filing. The Plaintiff's Motion to Strike should be DENIED.

## **CONCLUSION**

For the reasons stated above, the Defendant respectfully requests that this Honorable Court DENY the Plaintiff's Motion Strike Defendant's Brief in Opposition to Plaintiff's Motion to Exclude Testimony and Report of Fred Bonner.

RESPECTFULLY SUBMITTED THIS <u>16TH</u> DAY OF <u>JULY</u>, <u>2019</u>.

                          **T<small>HE</small> C<small>ONNER</small> L<small>AW</small> G<small>ROUP</small>, <small>P.C.</small>**

                          <u>/s/ David Michael Conner</u>
                          David Michael Conner
                          State Bar No. 181845
                          dmconner@theconnerlawgroup.com
                          Robert M. Kutchey, III
                          State Bar No. 912553
                          rkutchey@theconnerlawgroup.com
                          P.O. Box 10720
                          Savannah, Georgia 31412
                          (877) 283-2745 (voice)
                          (877) 284-4682 (facsimile)
                          www.theconnerlawgroup.com
                          *Attorneys for Defendant DIA SURI, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| AMERICAN FAMILY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DIA SURI, LLC, <br><br> Defendant. | Civil Action No. <br><br> 4:18-CV-00181-WTM-GRS |

## CERTIFICATE OF SERVICE

I, the undersigned attorney and counselor at law, do hereby certify that I have caused and instructed on this day to be served a true and correct copy of the <u>DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND REPORT OF FRED BONNER</u> on the opposing party of record by directing that a copy of same be deposited in the United States Mail, with proper postage affixed and addressed to the following:

Stephanie F. Glickauf<br>
GOODMAN MCGUFFEY, LLP<br>
3340 Peachtree Road NE, Suite 2100<br>
Atlanta, Georgia 30326-1084<br>
<i>Attorneys for Plaintiff, American Family Insurance Company</i>

RESPECTFULLY SUBMITTED THIS <u>16TH</u> DAY OF <u>JULY</u>, <u>2019</u>.

                                        **<u>THE CONNER LAW GROUP, P.C.</u>**

                                        <u>/s/ David Michael Conner</u>
                                        David Michael Conner
                                        State Bar No. 181845
                                        dmconner@theconnerlawgroup.com
                                        Robert M. Kutchey, III
                                        State Bar No. 912553
                                        rkutchey@theconnerlawgroup.com
                                        P.O. Box 10720
                                        Savannah, Georgia 31412
                                        (877) 283-2745 (voice)
                                        (877) 284-4682 (facsimile)
                                        www.theconnerlawgroup.com
                                        *Attorneys for Defendant DIA SURI, LLC*